# Exhibit B

# Blackline of Revised Order Against Original Proposed Order

```
------------------------------------------------------------ x
In re:                                                       :    Chapter 11
                                                             :
THE SCOOTER STORE HOLDINGS, INC., et al.,¹                   :    Case No. 13-10904 (PJW)
                                                             :
                    Debtors.                                 :    Jointly Administered
                                                             :
------------------------------------------------------------ x    Ref. Docket No. ―― 639
```

### ORDER: (I) APPROVING THE AGREEMENT FOR THE PRIVATE SALE OF CERTAIN OF THE DEBTORS' REMAINING ASSETS; (II) APPROVING THE PRIVATE SALE OF SUCH ASSETS; AND (III) AUTHORIZING RELATED RELIEF

Upon the *Debtors' Motion for an Order: (i) Approving the Agreement for the Private Sale of Certain of the Debtors' Remaining Assets; (ii) Approving the Private Sale of Such Assets; and (iii) Authorizing Related Relief* (the "Motion"), the Debtors² and Rincon Liquidation Partners, LLC (the "Purchaser") having agreed to enter into the Sale Agreement, and

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: The SCOOTER Store Holdings, Inc. (7246); The SCOOTER Store – Albuquerque, L.L.C. (3265); The SCOOTER Store – Atlanta, L.L.C. (9883); The SCOOTER Store–Austin, LTD. (4716); The SCOOTER Store – Baltimore, L.L.C. (9884); The SCOOTER Store – Baton Rouge, L.L.C. (9886); The SCOOTER Store – Birmingham, L.L.C. (9887); The SCOOTER Store– Boca Raton, L.L.C. (9889); The SCOOTER Store – Boston, L.L.C. (9893); The SCOOTER Store – Charleston, L.L.C. (9894); The SCOOTER Store – Charlotte, L.L.C. (9902); The SCOOTER Store–Chicago, L.L.C. (2368); The SCOOTER Store – Concord, L.L.C. (9906); The SCOOTER Store–Dallas, LTD. (4717); The SCOOTER Store – Dayton, L.L.C. (8678); The SCOOTER Store – Denver, L.L.C. (9909); The SCOOTER Store – Des Moines, L.L.C. (1260); The SCOOTER Store–Detroit, L.L.C. (2358); The SCOOTER Store–Grand Rapids, L.L.C. (1291); The SCOOTER Store – Green Bay, L.L.C. (1832); The SCOOTER Store – Greenville, L.L.C. (9911); The SCOOTER Store – Hartford, L.L.C. (9912); The SCOOTER Store–Houston, LTD. (4718); The SCOOTER Store – Indianapolis, L.L.C. (8684); The SCOOTER Store – Jackson, L.L.C. (9914); The SCOOTER Store – Jacksonville, L.L.C. (9916); The SCOOTER Store – Kansas City, L.L.C. (8655); The SCOOTER Store – Knoxville, L.L.C. (9921); The SCOOTER Store – Las Vegas, L.L.C. (0038); The SCOOTER Store – Levittown, L.L.C. (9926); The SCOOTER Store – Lincoln, L.L.C. (N/A); The SCOOTER Store – Little Rock, L.L.C. (6425); The SCOOTER Store – Los Angeles, L.L.C. (1294); The SCOOTER Store – Louisville, L.L.C. (9930); The SCOOTER Store–Lubbock, LTD. (4720); The SCOOTER Store–Madison, L.L.C. (1829); The SCOOTER Store – Minneapolis, L.L.C. (9932); The SCOOTER Store – Mobile, L.L.C. (1466); The SCOOTER Store – Nashville, L.L.C. (9939); The SCOOTER Store – Oklahoma City, L.L.C. (6430); The SCOOTER Store – Orlando, L.L.C. (9943); The SCOOTER Store – Paterson, L.L.C. (9949); The SCOOTER Store – Philadelphia, L.L.C. (9945); The SCOOTER Store – Phoenix, L.L.C. (9950); The SCOOTER Store – Pittsburgh, L.L.C. (9952); The SCOOTER Store – Portland, L.L.C. (1922); The SCOOTER Store–Raleigh Durham, L.L.C. (6134); The SCOOTER Store – Richmond, L.L.C. (8676); The SCOOTER Store – Rochester, L.L.C. (9954); The SCOOTER Store – Sacramento, L.L.C. (1298); The SCOOTER Store – Salt Lake City, L.L.C. (1921); The SCOOTER Store–San Antonio, LTD. (4724); The SCOOTER Store – San Diego, L.L.C. (1296); The SCOOTER Store – San Francisco, L.L.C. (1293); The SCOOTER Store – Schenectady, L.L.C. (9958); The SCOOTER Store – Seattle, L.L.C. (1918); The SCOOTER Store – Shreveport, L.L.C. (9961); The SCOOTER Store–Springfield, L.L.C. (1834); The SCOOTER Store – St. Louis, L.L.C. (6975); The SCOOTER Store–Toledo, L.L.C. (8681); The SCOOTER Store – Tulsa, L.L.C. (6436); The SCOOTER Store – West Virginia, L.L.C. (8672); The SCOOTER Store – Wichita, L.L.C. (N/A); The SCOOTER Store – Wilkes-Barre, L.L.C. (9962); The SCOOTER Store, Inc. (7905); The SCOOTER Store–USA, Inc. (0608); The SCOOTER Store – Development, L.L.C. (5073); The SCOOTER Store Financial Services, L.L.C. (5481); The SCOOTER Store Aviation, L.L.C. (7185); TSS Management Company, Inc. (4241); TSS Investments, Inc. (4242); and The Scooter Store, LTD. (0039). The Debtors' mailing address is 1650 Independence Drive, New Braunfels, Texas 78132.

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

01:~~14208558.1~~14208558.2

due and sufficient notice having been given to all parties-in-interest; and any objections to the relief requested in the Motion having been withdrawn or resolved and to the extent not withdrawn or resolved, are hereby overruled; and it appearing that the Sale of the Assets to the Purchaser pursuant to the Sale Agreement is in the best interests of the Debtors, their estates, creditors, and other parties-in-interest; and sufficient cause appearing therefor,

**IT IS HEREBY FOUND AND DETERMINED THAT:**

   A. It is in the best interests of the Debtors, the Debtors' estates, their creditors, and other parties-in-interest to grant the relief requested in the Motion and authorize the Debtors entry into the Sale Agreement;

   B. To the extent any inconsistency arises between this Order and the Sale Agreement, this Order shall control;

   C. The Sale Agreement was negotiated, proposed, and entered into by the Debtors and the Purchaser, in good faith and from arm's-length bargaining positions;

   D. ~~The~~ Under the facts and circumstances of these cases, the Purchase Price to be paid by the Purchaser under the Sale Agreement is fair and reasonable and is the highest or otherwise best offer for the Assets;

   E. The Purchaser is a buyer in good faith with respect to the Assets, as that term is used in 11 U.S.C. § 363(m). The Purchaser meets the standards of "good faith" which were enumerated by the United States Court of Appeals for the Third Circuit in *In re Abbotts Dairies of Pa., Inc.*, 788 F.3d 143 (3d Cir. 1986); and

   F. All of the requirements of 11 U.S.C. § 363 have been met with respect to the Sale.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:**

1. The relief requested in the Motion is granted as set forth herein.

2. The Sale Agreement, each of its terms and conditions, and each of the transactions contemplated therein are approved.

3. Pursuant to 11 U.S.C. § 363(b), the Debtors are authorized to perform their obligations under and comply with the terms of the Sale Agreement and consummate the sale of the Assets to the Purchaser pursuant to and in accordance with the terms and conditions of the Sale Agreement.

4. The Debtors are authorized to execute and deliver, empowered to perform under, consummate, and implement, the Sale Agreement, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the Sale Agreement, and to take all further actions as may be reasonably requested by the Purchaser for the purpose of assigning, transferring, granting, conveying, and conferring the Assets to the Purchaser, or as may be necessary or appropriate to the performance of the obligations as contemplated by the Sale Agreement.

5. From the proceeds of the sales of Debtors' assets located in Orange County, Florida and Palm Beach County, Florida, the Debtors shall deposit $46,000 in a segregated account as adequate protection (the "Florida Tax Collector Deposit Amount") for the secured claims of the Orange County Tax Collector and the Palm Beach County Tax Collector (collectively the "Florida Tax Collectors"). Absent further order of this Court, the Florida Tax Collector Deposit Amount shall be the maximum amount that the Debtors are required to escrow with respect to the claims and liens of the Florida Tax Collectors. The respective liens of the

Florida Tax Collectors shall attach to the proceeds in the Florida Tax Collector Deposit Amount to the same extent and with the same priority as the liens that the Florida Tax Collectors now hold against the property of the Debtors.  The Florida Tax Collector Deposit Amount shall be on the order of adequate protection and shall constitute neither the allowance of the claims of the Florida Tax Collectors, nor a cap on the amounts the Florida Tax Collectors may be entitled to receive.  Furthermore, the claims and liens of the Florida Tax Collectors shall remain subject to any objections any party would otherwise be entitled to raise.  The Florida Tax Collector Deposit Amount may be distributed upon agreements between the Florida Tax Collectors and the Debtors, or by subsequent order of the Court, duly noticed to the Florida Tax Collectors.

6. From the proceeds of the sales of the Debtors' assets located in the state of Texas, the Debtors shall deposit $28,523.22 in a segregated account as adequate protection for the secured claims of Spring Branch Independent School District, and $7,562.58 in a segregated account as adequate protection for the secured claims of Lubbock County Appraisal District in a segregated account as adequate protection (collectively, the "Texas District Tax Collector Deposit Amount") for the secured claims of the Spring Branch Independent School District and the Lubbock County Appraisal District (collectively, the "Texas District Tax Collectors").  Absent further order of this Court, the Texas District Tax Collector Deposit Amount shall be the maximum amount that the Debtors are required to escrow with respect to the claims of the Texas District Tax Collectors.  The liens of the Texas District Tax Collectors shall attach to the Texas District Tax Collector Deposit Amount to the same extent and with the same priority as the liens that the Texas District Tax Collectors now hold against the property of the Debtors.  The Texas District Tax Collector Deposit Amount shall be on the order of adequate protection and shall constitute neither the allowance of the claims of the Texas District Tax Collectors, nor a cap on

01:14208558.114
208558.2  DB02:8837699.3                       4                                   066585.1001

the amounts the Texas District Tax Collectors may be entitled to receive. Furthermore, the claims and liens of the Texas District Tax Collectors shall remain subject to any objections any party would otherwise be entitled to raise. The Texas District Tax Collector Deposit Amount may be distributed upon agreement between the Texas District Tax Collectors and the Debtors, or by subsequent order of the Court, duly noticed to the Texas District Tax Collectors.

7. From the proceeds of the sales of the Debtors' assets located in the state of Texas, the Debtors shall deposit $10,000 in a segregated account as adequate protection (the "C-FB ISD Deposit Amount") for the secured claims of Carrollton-Farmers Branch Independent School District ("C-FB ISD"). Absent further order of this Court, the C-FB ISD Deposit Amount shall be the maximum amount that the Debtors are required to escrow with respect to the claims of C-FB ISD. The liens of C-FB ISD shall attach to the C-FB ISD Deposit Amount to the same extent and with the same priority as the liens that C-FB ISD now holds against the property of the Debtors. The C-FB ISD Deposit Amount shall be on the order of adequate protection and shall constitute neither the allowance of the claims of C-FB ISD, nor a cap on the amounts C-FB ISD may be entitled to receive. Furthermore, the claims and liens of C-FB ISD shall remain subject to any objections any party would otherwise be entitled to raise. The C-FB ISD Deposit Amount may be distributed upon agreement between C-FB ISD and the Debtors, or by subsequent order of the Court, duly noticed to C-FB ISD.

8. From the proceeds of the sales of the Debtors' assets located in the state of Texas, the Debtors shall deposit $40,000 in a segregated account as adequate protection (the "Texas Tax Authority Deposit Amount") for the secured claims of Harris County, El Paso, Nueces County, and Dallas County (collectively, the "Texas Tax Authorities"). Absent further order of this Court, the Texas Tax Authority Deposit Amount shall be the maximum amount that

the Debtors are required to escrow with respect to the claims of the Texas Tax Authorities. The liens of the Texas Tax Authorities shall attach to the Texas Tax Authority Deposit Amount to the same extent and with the same priority as the liens that the Texas Tax Authorities now hold against the property of the Debtors. The Texas Tax Authority Deposit Amount shall be on the order of adequate protection and shall constitute neither the allowance of the claims of the Texas Tax Authorities, nor a cap on the amounts the Texas Tax Authorities may be entitled to receive. Furthermore, the claims and liens of the Texas Tax Authorities shall remain subject to any objections any party would otherwise be entitled to raise. The Texas Tax Authority Deposit Amount may be distributed upon agreement between the Texas Tax Authorities and the Debtors, or by subsequent order of the Court, duly noticed to the Texas Tax Authorities.

9. From the proceeds of the sales of the Debtors' assets located in Henrico County, Virginia ("Henrico"), the Debtors shall deposit $34,633.87 in a segregated account as adequate protection (the "Henrico Deposit Amount") for the secured claims of Henrico County, Virginia. Absent further order of this Court, the Henrico Deposit Amount shall be the maximum amount that the Debtors are required to escrow with respect to the claims of Henrico. The liens of Henrico shall attach to the Henrico Deposit Amount to the same extent and with the same priority as the liens that Henrico now holds against the property of the Debtors. The Henrico Deposit Amount shall be on the order of adequate protection and shall constitute neither the allowance of the claims of Henrico, nor a cap on the amounts that Henrico may be entitled to receive. Furthermore, the claims and liens of Henrico shall remain subject to any objections any party would otherwise be entitled to raise. The Henrico Deposit Amount may be distributed upon agreement between Henrico and the Debtors, or by subsequent order of the Court, duly noticed to Henrico.

10. 5. The Purchaser understands and agrees that, except as expressly set forth in this Order and the Sale Agreement, the Debtors are conveying their rights to the Assets "as is".

11. 6. Pursuant to 11 U.S.C. § 363(f), the sale of the Assets to the Purchaser is free and clear of all liens, claims, interests, or encumbrances on the Assets with all such liens, claims, interests and encumbrances attaching to the proceeds of the Sale with the same force, effect and priority that such liens, claims, interests and encumbrances had on the Assets sold.

12. 7. The Debtors are authorized to execute and file such statements, instruments, releases, and other documents on behalf of any person or entity asserting, or who has asserted, any liens, claims, interests, or encumbrances with respect to the Assets and the Purchaser is authorized to file, register, or otherwise record a certified copy of this Order which, once filed, registered, or otherwise recorded, shall constitute conclusive evidence of the release of all liens, claims, encumbrances, and interest of any kind or nature whatsoever in the Assets.

13. 8. The Purchaser is hereby deemed to be a good faith purchaser of the Assets and is entitled to the protections of 11 U.S.C. § 363(m).

14. For the avoidance of doubt, the Assets sold to the Purchaser shall only include Assets located in the Debtors' warehouses, and shall not include any products that are currently the subject of consumer lease agreements.

15. The fourteen (14) day stay pursuant to Bankruptcy Rule 6004(g) is waived and this Order shall be effective immediately.

16. The Debtors and the Purchaser are authorized to take any and all actions as may be necessary or desirable to implement the Sale Agreement and each of the transactions contemplated thereunder.

17. This Court hereby retains jurisdiction over the Purchaser and the Debtors to enforce the Sale Agreement.

Dated: Wilmington, Delaware
_____, 2013

_____
Peter J. Walsh
United States Bankruptcy Judge

Document comparison by Workshare Compare on Tuesday, October 22, 2013 2:56:00 PM

| Input: | |
|---|---|
| Document 1 ID | file://\\ycst\dfs\redirect\kenos\Desktop\Scooter - Original Private Sale Order.doc |
| Description | Scooter - Original Private Sale Order |
| Document 2 ID | interwovenSite://WORKSITE02/YCST01/14208558/2 |
| Description | #14208558v2<YCST01> - Scooter - Motion to Approve Private Bulk Inventory Sale |
| Rendering set | Standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 22 |
| Deletions | 12 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 34 |