# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                           :   Chapter 11
                                                                 :
THE SCOOTER STORE HOLDINGS, INC., *et al.*,[1]                   :   Case No. 13-10904 (LSS)
                                                                 :
        Debtors.           :   Jointly Administered
                                                                 :
---------------------------------------------------------------- x   **Ref. Docket No. 1254**

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: The SCOOTER Store Holdings, Inc. (7246); The SCOOTER Store – Albuquerque, L.L.C. (3265); The SCOOTER Store – Atlanta, L.L.C. (9883); The SCOOTER Store–Austin, LTD. (4716); The SCOOTER Store – Baltimore, L.L.C. (9884); The SCOOTER Store – Baton Rouge, L.L.C. (9886); The SCOOTER Store – Birmingham, L.L.C. (9887); The SCOOTER Store– Boca Raton, L.L.C. (9889); The SCOOTER Store – Boston, L.L.C. (9893); The SCOOTER Store – Charleston, L.L.C. (9894); The SCOOTER Store – Charlotte, L.L.C. (9902); The SCOOTER Store–Chicago, L.L.C. (2368); The SCOOTER Store – Concord, L.L.C. (9906); The SCOOTER Store–Dallas, LTD. (4717); The SCOOTER Store – Dayton, L.L.C. (8678); The SCOOTER Store – Denver, L.L.C. (9909); The SCOOTER Store – Des Moines, L.L.C. (1260); The SCOOTER Store–Detroit, L.L.C. (2358); The SCOOTER Store–Grand Rapids, L.L.C. (1291); The SCOOTER Store – Green Bay, L.L.C. (1832); The SCOOTER Store – Greenville, L.L.C. (9911); The SCOOTER Store – Hartford, L.L.C. (9912); The SCOOTER Store–Houston, LTD. (4718); The SCOOTER Store – Indianapolis, L.L.C. (8684); The SCOOTER Store – Jackson, L.L.C. (9914); The SCOOTER Store – Jacksonville, L.L.C. (9916); The SCOOTER Store – Kansas City, L.L.C. (8655); The SCOOTER Store – Knoxville, L.L.C. (9921); The SCOOTER Store – Las Vegas, L.L.C. (0038); The SCOOTER Store – Levittown, L.L.C. (9926); The SCOOTER Store – Lincoln, L.L.C. (N/A); The SCOOTER Store – Little Rock, L.L.C. (6425); The SCOOTER Store – Los Angeles, L.L.C. (1294); The SCOOTER Store – Louisville, L.L.C. (9930); The SCOOTER Store–Lubbock, LTD. (4720); The SCOOTER Store–Madison, L.L.C. (1829); The SCOOTER Store – Minneapolis, L.L.C. (9932); The SCOOTER Store – Mobile, L.L.C. (1466); The SCOOTER Store – Nashville, L.L.C. (9939); The SCOOTER Store – Oklahoma City, L.L.C. (6430); The SCOOTER Store – Orlando, L.L.C. (9943); The SCOOTER Store – Paterson, L.L.C. (9949); The SCOOTER Store – Philadelphia, L.L.C. (9945); The SCOOTER Store – Phoenix, L.L.C. (9950); The SCOOTER Store – Pittsburgh, L.L.C. (9952); The SCOOTER Store – Portland, L.L.C. (1922); The SCOOTER Store–Raleigh Durham, L.L.C. (6134); The SCOOTER Store – Richmond, L.L.C. (8676); The SCOOTER Store – Rochester, L.L.C. (9954); The SCOOTER Store – Sacramento, L.L.C. (1298); The SCOOTER Store – Salt Lake City, L.L.C. (1921); The SCOOTER Store–San Antonio, LTD. (4724); The SCOOTER Store – San Diego, L.L.C. (1296); The SCOOTER Store – San Francisco, L.L.C. (1293); The SCOOTER Store – Schenectady, L.L.C. (9958); The SCOOTER Store – Seattle, L.L.C. (1918); The SCOOTER Store – Shreveport, L.L.C. (9961); The SCOOTER Store–Springfield, L.L.C. (1834); The SCOOTER Store – St. Louis, L.L.C. (6975); The SCOOTER Store–Toledo, L.L.C. (8681); The SCOOTER Store – Tulsa, L.L.C. (6436); The SCOOTER Store – West Virginia, L.L.C. (8672); The SCOOTER Store – Wichita, L.L.C. (N/A); The SCOOTER Store – Wilkes-Barre, L.L.C. (9962); The SCOOTER Store, Inc. (7905); The SCOOTER Store–USA, Inc. (0608); The SCOOTER Store – Development, L.L.C. (5073); The SCOOTER Store Financial Services, L.L.C. (5481); The SCOOTER Store Aviation, L.L.C. (7185); TSS Management Company, Inc. (4241); TSS Investments, Inc. (4242); and The Scooter Store, LTD. (0039). The Debtors' mailing address is 1650 Independence Drive, New Braunfels, Texas 78132.

01:17738993.2

## ORDER GRANTING DEBTORS' MOTION TO DISMISS CHAPTER 11 CASES AND APPROVING PROCEDURES RELATED THERETO

Upon the *Debtors' Motion to Dismiss Chapter 11 Cases* (the "Motion"),[2] pursuant to which the above-captioned debtors and debtors in possession (collectively, the "Debtors") seek entry of an order, pursuant to sections 105(a), 305, 349 and 1112(b) of the Bankruptcy Code and Bankruptcy Rule 1017(a), authorizing the dismissal of the Debtors' chapter 11 cases (collectively, the "Chapter 11 Cases") and granting related relief; and, as evidenced by the affidavit of service on file with the Court; and due and sufficient notice of the Motion having been given; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, and their creditors; and after due deliberation and sufficient cause appearing therefore; it is hereby **FOUND AND DETERMINED AS FOLLOWS:**

A.  The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this District and before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

B.  The Debtors have liquidated substantially all of their assets, terminated any remaining business operations, and there is no reasonable likelihood of their rehabilitation.

C.  The Debtors have demonstrated sufficient cause for dismissing each of the Chapter 11 Cases pursuant to the procedures outlined herein, and for the related relief set forth herein.

**NOW THEREFORE, BASED UPON THE FOREGOING FINDINGS OF FACT, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, EFFECTIVE IMMEDIATELY, THAT:**

1.  The Motion is granted as set forth herein.

---

[2] All capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the Motion.

2. This Court shall dismiss the Chapter 11 Cases upon the entry of a proposed form of order (the "Dismissal Order"), to be submitted under certification of counsel (the "Certification") substantially in the form of Exhibit B attached to Motion, as modified consistent with the terms hereof; and thereupon, the Dismissal Order shall be entered following: (a) the Court's entry of an order regarding the Professionals' final fee applications (the "Final Fee Applications") and payments having been made to the Professionals in accordance therewith; (b) payment of all fees and expenses due and owing to Epiq; (c) payment of all quarterly fees due and owing to the Office of the U.S. Trustee (the "U.S. Trustee Fees"); (d) the Debtors having reserved sufficient funds to retain an accountant to complete audits of the Benefit Plans and satisfy any fees and expenses that may arise in connection with the wind down of the Benefit Plans; and (e) payment of the estates' remaining funds to PMLLC.

3. All U.S. Trustee Fees must be paid prior to the filing of the Certification and entry of the Dismissal Order.

4. All of the estates' funds, remaining after: (i) payment of the U.S. Trustee Fees, (ii) payment of the amounts reflected as due and owing in the Final Fee Applications and the amounts due and owing to Epiq; and (iii) sufficient funds have been reserved to retain an accountant to complete audits of the Benefit Plans and satisfy any fees and expenses that may arise in connection with the wind down of the Benefit Plans, shall be remitted to PMLLC.

5. All Professional final fee applications shall be filed within ten (10) days of the entry of this Order, and a hearing to consider the final fee applications shall be held on ~~_____, 2015 at _____ __.m. (ET)~~. a date to be determined.

6. This Order shall be sufficient and conclusive evidence of the transactions set forth herein, without the necessity of executing, delivering, filing or recording any other document,

01:17738993.2

- 3 -

which may otherwise be required under federal or state law. To the extent any other or additional documents are requested, Debtors are authorized to execute and deliver all documents, instruments and/or agreements necessary to implement the terms and conditions of this Order, including, without limitation, certificates of dissolution under applicable state law

7. Upon the dismissal of the Chapter 11 Cases: (i) MGBD, which is serving as Chief Restructuring Officer of the Debtors, is discharged and relieved of any further obligations with respect to these cases; provided, however, that MGBD shall continue to serve as administrator of the Benefit Plans; and (ii) Epiq is discharged and relieved of any further obligations with respect to the Chapter 11 Cases.

8. Upon the dismissal of the Chapter 11 Cases, Epiq shall: (a) forward to the clerk of the Court an electronic version of all imaged claims; (b) upload the creditor mailing list into CM/ECF; (c) docket a final claims register; and (d) box and transport all original claims to the Philadelphia Federal Records Center, 11470 Townsend Road, Philadelphia, Pennsylvania 19154 and docket a completed SF-135 Form indicating the accession and location numbers of the archived claims.

9. The Debtors and their counsel are authorized to take such actions, execute such documents, and expense such funds as may be necessary to implement the terms and conditions of this Order.

Dated: Wilmington, Delaware
       October 1, 2015

Laurie Selber Silverstein
United States Bankruptcy Judge